**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

ROBERTO TORRES-TALAVERA, *et al.*,

    **Plaintiffs,**

          **v.**                    **Civil No.** 12-1158 (FAB)

FORD MOTOR COMPANY, *et al.*,

    **Defendants.**

**MEMORANDUM AND ORDER**

BESOSA, District Judge.

Before the Court is defendant Ford Motor Company ("Ford")'s motion to dismiss plaintiffs' complaint, or in the alternative, to exclude evidence. (Docket 51.) Having considered the arguments in defendants' motion and plaintiffs' opposition, (Docket 55), the Court **DENIES** defendant Ford's motion.

**I.   BACKGROUND**

On March 7, 2012, plaintiffs Roberto Torres-Talavera ("plaintiff Torres"), Evelyn M. Jimenez-Garcia ("plaintiff Jimenez"), the Conjugal Partnership they constitute, and Aida Luz Talavera-Santiago ("plaintiff Talavera") filed a complaint alleging products liability against defendant Ford and three John Doe defendants. (Docket 1.)  Their complaint alleges design defect claims against Ford for a 1998 Ford Escort that plaintiff Talavera was driving on October 27, 2008 when another car crashed into her. The impact caused plaintiff Talavera's one-year-old granddaughter

("Baby Sofia"), who was in a car seat in the back seat of the Ford Escort, to suffer serious injuries that ultimately resulted in her death. Id. at 2. Plaintiffs seek damages for Baby Sofia's "great amount of pain due to the trauma" and the "serious emotional and mental anguish" suffered by her parents and grandmother, as well as medical expenses. Id. at 4 & 6.

Defendant Ford previously filed a motion to dismiss and sought sanctions due to spoliation[1] of evidence, contending that its defense has been "substantially prejudiced" as a result of plaintiffs' failure to preserve the Ford Escort at issue. Plaintiffs opposed the motion and argued that the available evidence in the case is sufficient and thus the sale of the vehicle does not hamper defendant Ford's ability to defend itself. On March 20, 2013, the Court entered an Opinion and Order denying defendant Ford's motion. (Docket 50.) Relying on First Circuit Court of Appeals precedent, the Court found that no great prejudice to defendant Ford occurred due to the spoliation of the Ford Escort, because both parties have access to the same ample information in order to prove their cases. Id. at 8-10. Because

---

[1] "Spoliation refers to the destruction or material alteration of evidence or to the failure to preserve property for another's use as evidence in pending or reasonably foreseeable litigation." Martinez Perez v. Hyundai Motor Co., 440 F. Supp. 2d 57, 61 (D.P.R. 2006) (Acosta, J.) (citing Silvestri v. Gen. Motors Corp., 271 F.3d 583, 590 (4th Cir. 2001)).

the parties may rely on other evidence[2] to support their claims and defenses, the Court denied defendant Ford's motion to dismiss and its request for sanctions.  Id.

In its current motion, defendant Ford claims that plaintiffs have developed a new design defect theory — dubbed the "spare tire projectile theory."  (Docket 51 at 6.) Pursuant to that theory, Baby Sofia's death was proximately caused by the forward intrusion of the spare tire into the Ford Escort's rear seat.  Id. Defendant Ford argues that the Court should dismiss plaintiffs' complaint or otherwise award sanctions against them because (1) plaintiffs' expert waited until the "eleventh hour" to reveal this theory, and (2) none of the considerations that led the Court to deny defendant's previous motion to dismiss is applicable to the spare tire projectile theory.  Id. at 6-7.  In opposition, plaintiffs claim that they have consistently argued a design defect theory, based not only on the seats, but also on the vehicle and its components "in the aggregate," including but not limited to the passenger compartment, the crush and crumple zones, and the safety cage.  (Docket 55 at 2.)  Moreover, they argue that the Court's previous finding that sufficient information exists for both

_____

[2] Specifically, the Court found the following available evidence to be sufficient: the testimony by witnesses to the accident, expert investigative reports prepared in the related criminal case, photographs of the accident, the vehicle's seats, Baby's Sofia's car seat, Baby Sofia's autopsy report, and medical testimony regarding Baby Sofia.  (Docket 50 at 10.)

parties to use in developing their cases applies not only to plaintiffs' seat design defect claim, but also to their spare tire projectile design defect claim.  (Id. at 6-16.)

## II.  DISCUSSION

The Court does not view plaintiffs' "spare tire projectile" supposition as an "eleventh hour" or "new" theory warranting dismissal or sanctions.  The complaint can be reasonably interpreted to include a defect claim involving the rear trunk/cargo area, because it accuses the Ford Escort of being "a product dangerous for its reasonably intended use, due to defective design . . . of the vehicle, its seats, passenger compartment, crush and crumple zones and safety cage, in the aggregate resulting in lack of adequate crashworthiness to protect its occupants . . . ." (Docket 1 at 5.)  Defendant Ford's contentions that plaintiffs' specific "spare tire projectile" theory emerges too late and thus is prejudicial, are also unfounded.  The report of plaintiffs' expert, Dr. James W. Pugh, P.E., identified two bases for a design defects claim, both of which "conspired to produce the fatality to the infant":  (1) a defective front seatback tilt mechanism, and (2) a defective trunk/cargo hold with compromised crush

characteristics and incapable of retaining objects inside.[3]
(Docket 55-1 at 9.)   Dr. Pugh opines that a violation of the
infant's "occupant safe space" occurred "by failure of the driver's
seatback" and "by converting the spare tire into a missile that
intruded into the rear seating position." Id. Dr. Pugh submitted
his report to defendants on February 14, 2013, which left
sufficient time for defendants to prepare for and conduct Dr.
Pugh's deposition regarding those conclusions. (See Docket 28 at
2) (showing that the Court set March 31, 2013 as the deadline for
the conclusion of depositions of expert witnesses and for the
conclusion of discovery).[4]   Accordingly, the Court declines to
dismiss plaintiffs' design defect claims on that ground.   See
Collazo-Santiago v. Toyota Motor Corp., 149 F.3d 23, 28 (1st Cir.
1998) ("As a general principle, the court views dismissal with
prejudice as a harsh sanction, which runs counter to our strong

---

[3] Simply because these conclusions were not contained in
plaintiffs' sur-reply to the previous motion to dismiss or in
Dr. Pugh's corresponding affidavit, (Dockets 48 & 48-1), does not
justify a conclusion that plaintiffs "were intent on secreting
[sic] it from the court lest it result in the granting of Ford's
original spoliation [m]otion," as defendant Ford contends. (Docket
51 at 7.)   Pursuant to Local Rule 7(c), in those submissions
plaintiffs were confined to respond to the arguments made in
defendant Ford's reply.   Those documents thus understandably
pertained only to plaintiffs' design defect theory regarding the
seats — and not regarding the spare tire — because defendant Ford
did not reference the spare tire theory in its motion and response.

[4] Plaintiffs clarify that by parties' stipulation, Dr. Pugh's
report was produced on time, (Docket 55 at 10), given that the
Court's deadline for plaintiffs to produce expert reports was
January 31, 2013, (Docket 28 at 1).

policy favoring the disposition of cases on the merits.") (internal quotations omitted).

The Court is also unpersuaded that its initial reasons for denying defendant Ford's previous motion to dismiss also do not apply to the current motion.  As explained before, the amount of prejudice to defendant Ford depends on whether the case is based on a design or manufacturing defect, as well as the availability of other evidence to resolve defendant Ford's questions.  Talavera v. Ford Motor Co., 2013 U.S. Dist. LEXIS 40390, 2013 WL 1143733 (D.P.R. Mar. 20, 2013) (Besosa, J.).  Plaintiffs have dismissed their claims based on manufacturing defects and now proceed only under a design defect theory.  (Docket 58.)  As a result, spoliation of the vehicle in this case is not as prejudicial as in a manufacturing defect case because "the design defect, by definition, would be found in the entire run of the vehicle model in question." Bericochea-Cartagena v. Suzuki Motor Co., Ltd., 7 F. Supp. 2d 109, 113 (D.P.R. 1998) (Dominguez, J.).  In design defect cases involving allegations that a specific automobile part caused a plaintiff's injury, a party's inability to inspect the automobile does not preclude a plaintiff from bringing the claim.  See, e.g., Collazo-Santiago v. Toyota Moro Corp., 937 F. Supp. 134 (D.P.R. 1996) (Dominguez, J.) (finding that inspection of the specified automobile or air bags that allegedly caused plaintiff's injuries was not needed in order for plaintiff to pursue a design defect

claim); <u>Bericochea-Cartagena</u>, 7 F. Supp. 2d at 113 ("[T]he spoliation of the Sidekick will not hamper the defense in the instant case and, therefore, it is not a proper basis for dismissal."). Especially in cases where additional evidence is available and can assist both parties in forming their claims and defenses, sanctions and dismissal are not warranted. <u>Collazo-Santiago</u>, 149 F.3d at 29 (finding that plaintiff's testimony, other witnesses' testimony, photographs of the car, and accident reconstruction constituted sufficient evidence from which defendant's questions could be answered); <u>see also</u> <u>Chapman v. Bernard's, Inc.</u>, 167 F. Supp. 2d 406 (D. Mass. 2001) (finding that despite spoliation of the subject daybed, no substantial prejudice resulted because expert testimony, police reports, police photographs, and witness testimony were available as evidence).

Defendant Ford implies that the issue of causation — more specifically, whether the spare tire indeed slammed into the rear seat and injured Baby Sofia — cannot be proven without examining

the Ford Escort in question.[5]  The Court disagrees.  As explained
in the Court's March 20, 2013 Order, both parties have access to
the same sufficient information to prepare their respective cases.
An exemplar vehicle is available for the parties to inspect in
order to develop their design defect claims and defenses.   The
issue of causation, for which defendant Ford contends it needs the
vehicle, also may be answered by photographs, testimony of several
people who witnessed or were involved in the accident, police
reports prepared by officers who investigated the accident, an
examination of the seats that were preserved, Baby Sofia's autopsy
report, and medical testimony regarding Baby Sofia.  Given the
totality of this available evidence, the Court cannot conclude that
Ford's motion should be granted simply because the Ford Escort
involved in the accident is not available.  To prevail on their
design defect case, plaintiffs bear the burden of proving that the
product's  design  was  the  proximate  cause  of  the  damages.
Quintana-Ruiz v. Hyundai Motor Corp., 303 F.3d 62, 69 (1st Cir.

---

[5] The First Circuit Court of Appeals has noted without further
explanation  that  examination  of  an  individual  automobile  and
component "may still be of significant import in certain design
defect cases where, for example, the question whether the alleged
defect  or  some  other  factor  caused  a  particular  injury  is  at
issue."  Collazo-Santiago, 149 F.3d at 29.  In those instances, a
sanction restricting the evidence may be warranted.  See id. at 28.
The  Court  does  not  find  that  language  to  mean  that  in  this  case
sanctions are appropriate, however, because as the First Circuit
Court  of  Appeals  went  on  to  hold  in  Collazo-Santiago, additional
sufficient  evidence  exists  from  which  both  parties  may  develop
their claims and defenses.

2002).  Defendant's allegations that "absolutely no" photographs taken either pre- or post-accident depict the spare tire, that no police or investigative report mentions the spare tire, and that no witness testimony refers to the spare tire, (Docket 51 at 10), are certainly persuasive to defendant Ford's defense.  They do not necessarily lead to the conclusion, however, that the only manner of proving causation is through an examination of the Ford Escort involved in the accident.  Accordingly, the Court does not find that defendant Ford has suffered prejudice sufficient to impose sanctions or dismiss plaintiffs' complaint for spoliation of evidence.

## III. CONCLUSION

Defendant Ford's motion to dismiss and to exclude evidence, (Docket 51), is **DENIED.**

**IT IS SO ORDERED.**

San Juan, Puerto Rico, September 3, 2013.

<u>s/ Francisco A. Besosa</u>
FRANCISCO A. BESOSA
UNITED STATES DISTRICT JUDGE